# United States Bankruptcy Court
## Eastern District of Michigan, Southern Division

# VOLUNTARY PETITION

| Name of Debtor (If individual, enter Last, First, Middle) **McAddley, Marian T.** | Name of Joint Debtor (Spouse) (Last, First, Middle) |
|---|---|

| All Other Names used by the Debtor in the last 8 years (include married, maiden and trade names) **f/k/a Marian Wade** **f/k/a Marian Hicks** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden and trade names) |
|---|---|

| Last four digits of Soc. Sec or Individual Taxpayer I.D. (ITIN) No./Complete EIN (If more than one, state all) **9284** | Last four digits of Soc. Sec or Individual Taxpayer I.D. (ITIN) No./Complete EIN (If more than one, state all) |
|---|---|

| Street Address of Debtor (No. and street, city and state) **17467 Kingsbrooke Cir., Apt. #103** **Clinton Township, MI** Zip Code **48038-3770** | Street Address of Joint Debtor (No. and street, city and state) Zip Code |
|---|---|

| County of Residence or of the Principal Place of Business **Macomb** | County of Residence or of the Principal Place of Business |
|---|---|

| Mailing Address of Debtor (If different from street address) Zip Code | Mailing Address of Joint Debtor (If different from street address) Zip Code |
|---|---|

| Location of Principal Assets of Business Debtor (If different from street address above) |
|---|

**Type of Debtor**
(Form of Organization)
(Check **one** box)

[X] Individual (includes Joint Debtors)
   *(See Exhibit D on Page 2 of this form)*
[ ] Corporation (includes LLC and LLP)
[ ] Partnership
[ ] Other: (If Debtor is not one of the above entities, check this box and state type of entity below)

**Nature of Business**
(Check one box)

[ ] Health Care Business
[ ] Single Asset Real Estate as defined in 11 U.S.C. §101(51B)
[ ] Railroad
[ ] Stock Broker
[ ] Commodity Broker
[ ] Clearing Bank
[ ] Other

**Chapter of Bankruptcy Code Under Which The Petition Is Filed** (Check One Box)

[ ] Chapter 7
[ ] Chapter 9
[ ] Chapter 11
[ ] Chapter 12
[X] Chapter 13

[ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
[ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of center of Debtors main interests:

Each country in which a foreign proceeding by, regarding, or against Debtor is pending.

**Tax Exempt Entity**
(Check box, if applicable)

[ ] Debtor is a tax-exempt organization " under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check One Box)

[X] Debts are primarily consumer debts, defined in 11 U.S.C.§101(8) as incurred by an individual primarily for a personal, family or household purpose."
[ ] Debts are primarily business debts.

**Filing Fee** (Check One Box)

[X] Full Filing Fee Attached

[ ] Filing fee to be paid in installments (applicable to individuals only). Must attach signed application for the Court's consideration certifying that Debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

[ ] Filing fee waiver requested. (Applicable to Chapter 7 individuals only). Must attach signed application for the Court's consideration See Official Form 3B.

**Chapter 11 Debtors**

Check One Box
[ ] Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).
[ ] Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D)
Check if:
[ ] Debtor's aggregate non-contingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925. (amount subject to adjustment on 4/01/16 and every three years thereafter.)
Check all applicable boxes:
[ ] A plan is being filed with this petition.
[ ] Acceptances of the plan were solicited pre-petition from one or more classes of creditors, in accordance with 11 U.S.C. §1126(b).

Statistical / Administrative Information

[X] Debtor estimates that funds will be available for distribution to unsecured creditors
[ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| [X] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| [X] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [X] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| VOLUNTARY PETITION<br>*(This Page Must Be Completed And Filed In Every Case)* | Name of Debtor(s)<br>**Marian T. McAddley** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed        **See Attached Cover Sheet** | Case Number | Date Filed |
| Location<br>Where Filed | Case Number | Date Filed |

| **Pending Bankruptcy Case Filed By Any Spouse, Partner of Affiliate Of This Debtor**   (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor        **See Attached Cover Sheet** | Case Number | Date Filed |
| District | Relationship | Judge |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if Debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11.) | (To be completed if Debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the Petitioner(s) named in the foregoing Petition, declare that I have informed the Petitioner that he/she may proceed under Chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the Debtor(s) the notice required under 11 U.S.C. § 342(b) |
| [ ]  Exhibit A is attached and made a part of this petition. | ***/S/ Mark W. Chessman***          Date: **April 2, 2015**<br>**Mark W. Chessman (P29174)   Attorney for Debtor** |

**Exhibit C**

Does the Debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

[ ]  Yes, and Exhibit C is attached and made a part of this Petition.                                            .

**[X]**  No.

**Exhibit D**

(To be completed by every individual Debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

**[X]**  Exhibit D completed and signed by the Debtor is attached and made a part of this petition.

If this is a joint petition:

[ ]  Exhibit D also completed and signed by the joint Debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
**(Check any applicable box)**

**[X]**  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this Petition or for a longer part of such 180 days than in any other District.

[ ]  There is a bankruptcy case concerning Debtors affiliate, general partner, or partnership pending in this District.

[ ]  Debtor is a Debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court ] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
**(Check all applicable boxes)**

[ ]  Landlord has a judgment against the Debtor for possession of the Debtor's residence.  (If box checked, complete the following):

Name of Landlord that obtained Judgment: _____

Address of Landlord: _____

[ ]  Debtor claims that under applicable non bankruptcy law, there are circumstances under which the Debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

[ ]  Debtor has included with this petition the deposit with the Court of any rent that would become due during the 30 day period after the filing of the petition.

[ ]  Debtor certifies that he/she has served the Landlord with this Certification (11 U.S.C. § 362(1)).

| VOLUNTARY PETITION<br>*(This Page Must Be Completed And Filed In Every Case)* | Name of Debtor(s)<br>**Marian T. McAddley** |
|---|---|

## SIGNATURES

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under Chapter 7, 11, 12, or 13 of Title 11, United States Code, understand the relief available under each such chapter and choose to proceed under Chapter 13.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the Chapter of Title 11, United States Code, specified in this petition .<br><br>**/S/ Marian T. McAddley**<br>Signature of Debtor **Marian T. McAddley**<br><br>Signature of Joint Debtor<br><br>Telephone Number (if not represented by attorney)<br><br>**Date: April 2, 2015** | I declare under the penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding and that I am authorized to file this petition<br><br>(Check only one box.)<br><br>[ ] I request relief in accordance with Chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>[ ] Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11, specified in this petition. A certified copy of the Order granting recognition of the foreign main proceeding is attached.<br><br>Signature of Foreign Representative<br><br>Printed name of Foreign Representative<br><br>Dated: _____ |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| **/S/ Mark W. Chessman**<br>Signature of Attorney for Debtor(s)<br>**Mark W. Chessman (P29174)**<br>**Law Offices of Mark W. Chessman P.C.**<br>**25225 Gratiot Avenue**<br>**Roseville, MI 48066**<br>**(586)-498-9400**<br>**diana@chessmanlaw.com**<br>**Dated: April 2, 2015**<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. §110; (2) I prepared this document for compensation and have provided the Debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) If rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the Debtor notice of the maximum amount before preparing any document for filing for a Debtor or accepting any fee from the Debtor as required in that section. Official form 19 is attached.<br><br>Printed Name and Title, if any, of Bankruptcy Petition Preparer.<br><br>Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security Number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the Debtor.<br><br>The Debtor requests relief in accordance with the Chapter of Title 11, United States Code, specified in this Petition.<br><br>Signature of Authorized Individual<br><br>Print or Type Name of Authorized Individual<br><br>Title of Individual Authorized<br><br>Date | Address<br><br>Signature of Bankruptcy Petition Preparer<br><br>Date:<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person or partner whose social security number is provided above.<br><br>Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual;<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

IN THE MATTER OF:                                          Chapter 13 Proceeding

    Marian T. McAddley, fka Marian Wade & fka Marian Hicks    Case No.
    17467 Kingsbrooke Cir., Apt. #103
    Clinton Township, MI  48038-3770    Judge
    ***-**-9284

    Debtor(s)                             /
MARK W. CHESSMAN (P29174)
Attorney for Debtor
25225 Gratiot Avenue
Roseville, MI  48066
(586)-498-9400
diana@chessmanlaw.com             /

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT
### OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case and the Court can dismiss any case you do file. If that happens you will lose whatever filing fee you paid and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you will be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

Every individual Debtor must file this Exhibit D. If a joint Petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.

**[X]** 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States Trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

**[ ]** 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States Trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

(Page 1 of 2)

**[ ]** 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.*[Summarize exigent circumstances here].*

**If your certification is satisfactory to the Court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30 day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the Court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

**[ ]** 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the Court.]*

**[ ]**     Incapacity. (Defined in 11 U.S.C. §109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

**[ ]**     Disability. (Defined in 11 U.S.C. §109(h)(4)as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone or through the Internet.);

**[ ]**     Active military duty in a military combat zone.

**[ ]** 5. The United States Trustee or Bankruptcy Administrator has determined that the credit counseling requirement of 11 U.S.C. §109(h)does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Dated: April 2, 2015

*/S/ Marian T. McAddley*
Marian T. McAddley
Debtor

(Page 2 of 2)

# UNITED STATES BANKRUPTCY COURT
## FOR EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In Re:     **Marian T. McAddley**                                    Chapter 13 Case No.

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the Debtor(s) assets. Add the amounts of all claims from Schedules D, E and F to determine the total amount of Debtor(s) liabilities. Individual Debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under Chapter 7, 11 or 13.

| NAME OF SCHEDULE | ATTACHED YES/NO | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A.  Real Property | Yes | 1 | $0.00 | | |
| B.  Personal Property | Yes | 3 | $16,820.00 | | |
| C.  Property Claimed as Exempt | Yes | 1 | | | |
| D.  Creditors Holding Secured Claims | Yes | 1 | | $5,742.00 | |
| E.  Creditors Holding Unsecured Priority Claims. (Total of Claims on Schedule E) | Yes | 2 | | $0.00 | |
| F.  Creditors Holding Unsecured Non-Priority Claims. | Yes | 3 | | $133,946.00 | |
| G.  Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H.  Co-Debtors | Yes | 1 | | | |
| I.  Current Income of Individual Debtor(s) | Yes | 2 | | | $3,625.37 |
| J.  Current Expenditures of Individual Debtor(s) | Yes | 3 | | | $3,233.00 |
| **Total** | | **18** | **$16,820.00** | **$139,688.00** | |

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**Case Number:**

In Re: __Marian T. McAddley__
            **Debtor(s)**                                            **Chapter 13**

**STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. §159)**

If you are an individual Debtor whose debts are primarily consumer debts, as defined in §101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under Chapter 7, 11 or 13, you must report all information requested below.

[ ] Check this box if you are an individual Debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.
Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (From Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (From Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan Obligations (From Schedule F) | $97,658.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $0.00 |
| Obligations to Pension or Profit Sharing, and Other Similar Obligations (From Schedule F). | $0.00 |
| **Total:** | **$97,658.00** |

## State the following:

| | |
|---|---|
| Average Income (From Schedule I, Line 12) | $3,625.37 |
| Average Expenses (From Schedule J, Line 22) | $3,233.00 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR Form 22C-1 Line 14) | $5,110.71 |

## State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D "UNSECURED PORTION, IF ANY" column. | N/A | $0.00 |
| 2. Total from Schedule E "AMOUNT ENTITLED TO PRIORITY" column. | $0.00 | N/A |
| 3. Total from Schedule E "AMOUNT NOT ENTITLED TO PRIORITY IF ANY" column. | N/A | $0.00 |
| 4. Total from Schedule F. | N/A | $133,946.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4). | N/A | $133,946.00 |

**Debtor:** <u>Marian T. McAddley</u>    Case No.

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the Debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the Debtor has a life estate. Include any property in which the Debtor holds rights and powers exercisable for the Debtor(s) own benefit. If the Debtor is married, state whether husband, wife or both, or the marital community own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband", "Wife", Joint or Community". If the Debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this Schedule. List them in Schedule G, Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the Debtor is an individual or if a joint petition is filed, state the amount of any exemptions claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor(s) Interest in Property | Husband Wife, Joint or Community | Current Market Value Of Debtor(s) Interest In Property, Without Deducting Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| None. | | | | |
| **Total** (Report also on Summary of Schedules) | | | $0.00 | |

**Debtor:** __Marian T. McAddley__     Case No. _____

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the Debtor of whatever kind.  If the Debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the Debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband", "Wife", Joint or Community".  If the Debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed As Exempt.

**Do not include interests in executory contracts and unexpired leases on this Schedule.  List them in Schedule G, Executory Contracts and Unexpired Leases.**

If the property is being held for the Debtor by someone else, state that persons name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such a "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. §112 AND Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE X | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE COMMUNITY OR JOINT | CURRENT VALUE OF THE DEBTOR(S) INTEREST IN PROPERTY WITHOUT DE-DUCTING ANY SECURED CLAIM OR EXEMPTION. |
|---|---|---|---|---|
| 1.  Cash on Hand | | | D | $20.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit,  or shares in banks savings and loan, thrift, building and loan, and homestead assoc-iations or credit unions, brokerage houses or cooperatives. | | Christian Financial Credit Union Checking & Savings Account | D | $900.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video and computer equipment | | Standard Household Goods.  No single item exceeds $575.00 in value. | D | $6,000.00 |
| | | Home Computer and software 17467 Kingsbrooke Cir., Apt. #103 Clinton Township, MI | D | $500.00 |
| 5.  Books, pictures, and other art objects, antiques, stamp, coin, record, tape, compact disc and other collections or collectibles. | X | | | |
| 6.  Wearing Apparel. | | Standard Wearing Apparel.  No single item exceeds $575.00 in value. 17467 Kingsbrooke Cir., Apt. #103 Clinton Township, MI | D | $1,000.00 |
| 7.  Furs and Jewelry. | | Miscellaneous Jewelry 17467 Kingsbrooke Cir., Apt. #103 Clinton Township, MI | D | $400.00 |
| 8.  Firearms and sports photographic and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Term Life Insurance | D | $0.00 |
| 10.  Annuities.  Itemize and name each issuer. | X | | | |

**Debtor:** __Marian T. McAddley__                                                   **Case No.**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE X | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE COMMUNITY OR JOINT | CURRENT VALUE OF THE DEBTOR(S) INTEREST IN PROPERTY WITHOUT DE-DUCTING ANY SECURED CLAIM OR EXEMPTION. |
|---|---|---|---|---|
| 11.  Interests in an education IRA as defined in 26 U.S.C. §530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. §529 (b)(1).  Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C.§521(C); | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing Plans. particulars. | | 403(b) Pension | D | $1,000.00 |
| 13.  Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 14.  Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15.   Government or Corporate Bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16.  Accounts Receivable | X | | | |
| 17.  Alimony, maintenance, support, and property settlements to which the Debtor is or may be entitled.  Give particulars. | X | | | |
| 18.  Other liquidated debts owed to Debtor, including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interests, life estates and rights or powers exercisable for the benefit of the Debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20.  Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counter-claims of the Debtor, and rights to set off claims. Give estimated value of each. | X | | | |

**Debtor:**    **Marian T. McAddley**                                    **Case No.**

# SCHEDULE B - PERSONAL PROPERTY
*(Continuation Sheet)*

| TYPE OF PROPERTY | NONE X | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE COMMUNITY OR JOINT | CURRENT VALUE OF THE DEBTOR(S) INTEREST IN PROPERTY WITHOUT DE-DUCTING ANY SECURED CLAIM OR EXEMPTION. |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other com-pilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the Debtor by individuals in connection with obtaining a product or service from the Debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, other vehicles and accessories. | | 2006 Chevrolet Aveo 17467 Kingsbrooke Cir., Apt. #103 Clinton Township, MI | D | $7,000.00 |
| 26. Boats, motors & accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office Equipment, Furnishings and Supplies | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory | X | | | |
| 31. Animals. | X | | | |
| 32. Crops, growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

**-0-** Continuation Sheets Attached

**Total**
*(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)*                    **$16,820.00**

In Re: <u>Marian T. McAddley</u>                                                Case No.

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which Debtor is entitled under:          [ ] Check if Debtor claims a homestead exemption
**(Check One Box)**                                                                           that exceeds $155,675.*

[X]  11 U.S.C. § 522(b)(2):
[ ]  11 U.S.C. § 522(b)(3):

| Description of Property | Specify Law Providing Each Exemption | Value Of Claimed Exemption | Current Value Of Property Without Deducting Exemption |
|---|---|---|---|
| Cash & Bank Accounts | 522(d)(5) | $920.00 | $920.00 |
| Household Goods | 522(d)(3) | $6,000.00 | $6,000.00 |
| Wearing Apparel | 522(d)(3) | $1,000.00 | $1,000.00 |
| Miscellaneous Jewelry | 522(d)(4) | $400.00 | $400.00 |
| 403(b)Pension | 522(d)(12) | $1,000.00 | $1,000.00 |
| 2006 Chevrolet Aveo | 522(d)(2) | $1,258.00 | $1,258.00 |
| Home Computer & software | 522(d)(3) | $500.00 | $500.00 |
| **Total** | | **$11, 078.00** | |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Debtor: __Marian T. McAddley__                                                    Case No.

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

[ ]  Check this box if Debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address including Zip Code and Account Number | Co-Debtor | H/W J/C | Date Claim was Incurred, Nature of Lien and Description and Value of Property Subject to Lien | C | U | D | Amount of Claim Without Deduct-Ing Value of Collateral | Unsecured Portion, If Any. |
|---|---|---|---|---|---|---|---|---|
| 8092<br>Credit Acceptance Corp.<br>Attn:  Bankruptcy Dept.<br>25505 W. 12 Mile Rd., Ste. #3000<br>Southfield, MI 48034 | | D | 2013, Lien on 2006 Chevrolet Aveo<br>Value   $7,000.00 | | | | $5,742.00 | |

__-0-__ Continuation Sheets Attached

**Subtotal** (Total of This Page)          | $5,742.00 | $0.00

**Total** (Use only on last page)          | $5,742.00 | $0.00

(Report also on Summary of Schedules)     If applicable Report also on Statistical Summary of Certain Liabilities and Related Data

**Debtor:** **Marian T. McAddley**                                                                                 **Case No.**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the attached sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the Debtor or the property of the Debtor, as of the date of filing of the Petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the Debtor has with the creditor is useful to the Trustee and the creditor may be provided if the Debtor chooses to do so. If a minor child is the creditor, state the child's initials and the name and address of the child(s) parent or guardian, such as "A.B., a minor child, by John Doe, guardian". Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Co-Debtor" include the entity on the appropriate schedule of creditors and complete Schedule H - Co-Debtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H" "W", "J" or "C" in the column labeled "Husband, Wife, Joint or Community." If the claim is contingent, please an "X" in the column labeled contingent. If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place and "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns).

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual Debtors with primarily consumer debt report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts **not** entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last Sheet of the completed schedule. Individual Debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    **[X]** Check this box if Debtor has no creditors holding unsecured priority claims to report on this Schedule E.

    TYPES OF PRIORITY CLAIMS: (check the appropriate box(es) below if claims in that category are listed on the attached sheets)

**[ ] Domestic Support Obligations**:
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the Debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

**[ ] Extensions of Credit in an Involuntary Case:**
Claims arising in the ordinary course of the Debtor(s) business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

**[ ] Wages, Salaries and Commissions:**
Wages, salaries and commissions, including vacation, severance, and sick leave pay owing to employees, and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

**[ ] Contributions to Employee Benefit Plans:**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**Debtor:** <u>Marian T. McAddley</u>                    **Case No.**

**[ ] Certain Farmers and Fishermen:**
Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the Debtor, as provided in 11 U.S.C. § 507(a)(6).

**[ ] Deposits by Individuals:**
Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family or household use, that were not delivered or provided.  11  U.S.C. § 507(a)(7).

**[ ] Taxes and Certain Other Debts Owed to Governmental Units:**
Taxes, custom duties and penalties owing to federal, state and local governmental units as set forth in 11  U.S.C. § 507(a)(8).

**[ ] Commitments to Maintain the Capital of an Insured Depository Institution:**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11  U.S.C. § 507(a)(9).

**[ ] Claims for Death or Personal Injury While Debtor Was Intoxicated:**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the Debtor was intoxicated from using alcohol, a drug or other substance.  11  U.S.C. § 507(a)(10).

*_*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment._*

**-0- Continuation Sheets Attached**

In Re: **Marian T. McAddley**                                                                 **Case No.**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

[ ]  Check this box if Debtor has no creditors holding unsecured non-priority claims to report on this Schedule F

| Creditor's Name, Mailing Address Including Zip Code and Account Numbers | Co-Debtor | H/W J/C | Date Claim Was Incurred And Consideration for Claim, If Claim Is Subject to Setoff, So State | C | U | D | Amount Of Claim |
|---|---|---|---|---|---|---|---|
| 2TGC<br>Asset Acceptance<br>C/O: Elizabeth Pettway, Esq.<br>28405 Van Dyke Ave.<br>Warren, MI 48093 | | D | 2009, Assignee of collection account | | | | $14,627.00 |
| 8TGC<br>Capital One Bank<br>C/O:  Kyle J. Von Allmen, Esq.<br>P. O. Box 5016<br>Rochester Hills, MI 48308 | | D | 2013, Collection account | | | | $1,495.00 |
| Unknown<br>Christian Financial Credit Union<br>18441 Utica Rd.<br>Roseville, MI 48066 | | D | 2014, Personal Loan | | | | $399.00 |
| Unknown<br>Chrysler Financial<br>P.O. Box 9223<br>Farmington Hills, MI 48333-9223 | | D | 2010, Deficiency on Lease vehicle | | | | $922.00 |
| Unknown<br>Comcast / Heartland North<br>C/O:  CCS<br>P.O. Box 9136<br>Needham Heights, MA 02494 | | D | 2014, Assignee of collection account | | | | $109.00 |
| Unknown<br>Comenity /Capital One / HSN<br>Bankruptcy Dept.<br>P.O. Box 182125<br>Columbus, OH 43218-2125 | | D | 2014, Retail Credit | | | | $306.00 |
| Unknown<br>Credit First National Assoc.<br>P. O. Box 81315<br>Cleveland, OH 44181-0315 | | D | 2014, Assignee of collection account | | | | $489.00 |
| 7706<br>General Radiology Associates<br>C/O:  CSI<br>P.O. Box 247<br>Hancock, MI 49930-0247 | | D<br>D | 2012, Assignee of collection account<br>2012, Assignee of collection account | | | | $407.00<br>$287.00 |

| - **2** - Continuation Sheets Attached | **Sub-Total** | **$19,041.00** |
|---|---|---|
| | **Total**<br>(Use only on last page of completed Schedule F)<br> (Report also on Summary of Schedules and, if applicable, on<br>Statistical Summary of Certain Liabilities and Requested Data) | |

In Re: **Marian T. McAddley**                                          **Case No.**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

### (Continuation Page)

| Creditor's Name, Mailing Address Including Zip Code and Account Numbers | Co-Debtor | H/W J/C | Date Claim Was Incurred And Consideration for Claim, If Claim Is Subject to Setoff, So State | C | U | D | Amount Of Claim |
|---|---|---|---|---|---|---|---|
| 8TGC<br>Hilco Receivables<br>C/O: David W.Towne, Esq.<br>4190 Telegraph Rd., Ste. 3000<br>Bloomfield Hills, MI 48302 | | D | 2013. Assignee of collection account | | | | $8,116.00 |
| 8001<br>J.C. Penney Co.<br>P.O. Box 965009<br>Orlando, FL 32895-5009 | | D | 2013, Retail Credit | | | | $675.00 |
| Unknown<br>Kohls<br>P. O. Box 3043<br>Milwaukee, WI 53201-3043 | | D | 2014, Retail Credit | | | | $104.00 |
| 6TGC<br>McLaren Macomb<br>C/O: Matthew La Grasso, Esq.<br>8679 26 Mile Rd., Ste. #318<br>Washington, MI 48094 | | D | 2008 - 2013, Medical Service | | | | $5,587.00 |
| Unknown<br>Medical Payment Data<br>C/O: CMRE<br>3075 East Imperial Highway, Suite 200<br>Brea, CA 92821 | | D | 2014. Assignee of collection account | | | | $606.00 |
| 9284<br>Sallie Mae Servicing Corp.<br>P. O. Box 9500<br>Wilkes Barre, PA 18773-9500 | | D<br>D<br>D<br>D | 2009, Student Loan<br>2009, Student Loan<br>2010, Student Loan<br>2010, Student Loan | | | | $2,630.00<br>$1,342.00<br>$3,892.00<br>$492.00 |
| Unknown<br>Sprint<br>C/O: Enhanced Recovery Corp.<br>8014 Bayberry Rd.<br>Jacksonville, FL 32256-7412 | | D | 2014, Assignee of collection account | | | | $719.00 |

**-1-** of **-2-** continuation sheets attached to Schedule of creditors Holding Unsecured Non Priority Claims.

**Sub-Total**          **$24,7163.00**

**Total**

(Use only on last page of completed Schedule F)
(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Requested Data)

In Re: __Marian T. McAddley__                                    Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

### (Continuation Page)

| Creditor's Name, Mailing Address Including Zip Code and Account Numbers | Co-Debtor | H/W J/C | Date Claim Was Incurred And Consideration for Claim, If Claim Is Subject to Setoff, So State | C | U | D | Amount Of Claim |
|---|---|---|---|---|---|---|---|
| Unknown<br>Sprint<br>C/O: Diversified Receivables Mgmt.<br>259 Jackson Plaza<br>Ann Arbor, MI 48103 | | D | 2014, Assignee of collection account | | | | $129.00 |
| 7186<br>Target (RNB)<br>P. O. Box 1581<br>Minneapolis, MN 55440 | | D | 2014, Retail Credit | | | | $670.00 |
| 9284<br>U.S. Department of Education<br>Direct Loan Servicing Center<br>P.O. Box 5609<br>Greenville, TX 75403-5069 | | D | 2009, Student Loan | | | | $9,034.00 |
| | | D | 2010, Student Loan | | | | $139.00 |
| | | D | 2010, Student Loan | | | | $3,141.00 |
| | | D | 2010, Student Loan | | | | $1,400.00 |
| | | D | 2010, Student Loan | | | | $5,500.00 |
| | | D | 2009, Student Loan | | | | $2,472.00 |
| | | D | 2009, Student Loan | | | | $4,000.00 |
| | | D | 2009, Student Loan | | | | $100.00 |
| | | D | 2009, Student Loan | | | | $4,637.00 |
| | | D | 2010, Student Loan | | | | $863.00 |
| | | D | 2010, Student Loan | | | | $6,775.00 |
| | | D | 2010, Student Loan | | | | $1,716.00 |
| | | D | 2009, Student Loan | | | | $3,666.00 |
| | | D | 2010, Student Loan | | | | $3,266.00 |
| | | D | 2010, Student Loan | | | | $2,214.00 |
| | | D | 2009, Student Loan | | | | $15,300.00 |
| | | D | 2009, Student Loan | | | | $7,338.00 |
| | | D | 2008, Student Loan | | | | $11,552.00 |
| | | D | 2008. Student Loan | | | | $6,189.00 |
| 1104<br>Wal-Mart<br>Attn: Bankruptcy Dept.<br>P. O. Box 965061<br>Orlando, FL 32896-5061 | | D | 2014. Retail Credit | | | | $641.00 |

**For account numbers that are unknown the information was taken from credit reports and last four digits of account numbers are deleted.**

| | | |
|---|---|---|
| __-2-__ of __-2-__ continuation sheets attached to Schedule of creditors Holding Unsecured Non Priority Claims. | **Sub-Total** | **$90,742.00** |
| | **Total** | **$133,946.00** |

(Use only on last page of completed Schedule F)
(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Requested Data)

**Debtor:**   <u>Marian T. McAddley</u>                                          Case No.

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

[  ]  Check this box if Debtor has no Executory Contracts or Unexpired Leases.

| Name and Mailing Address, Including Zip Code Of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor(s) Interest, State Whether Lease Is For Nonresidential Real Property, State Contract Number of Any Government Contract. |
|---|---|
| Garfield Commons<br>17673 Kingsbrooke Circle<br>Clinton Township, MI 48038 | Residential lease for apartment. |

**Debtor:** **Marian T. McAddley**                    **Case No:**

## SCHEDULE H - CO-DEBTORS

**[X]** Check this box if Debtor has no Co-Debtors.

| Name and Mailing Address of Co-Debtor | Name and Address of Creditor |
|---|---|
|  |  |

**Fill in this information to identify your case:**

Debtor 1: <u>Marian T. McAddley</u>
　　　　　First Name　　Middle Name　　Last Name

Debtor 2: _____
　　　　　First Name　　Middle Name　　Last Name

**United States Bankruptcy Court for the <u>Eastern</u> District of <u>Michigan</u>**

Case number: _____
(if known)

Check if this is:

[ ] An Amended Filing
[ ] A supplemental showing post petition
　　Chapter 13 income as of the following date:
　　_____

## Official Form B 6I

## SCHEDULE I - YOUR INCOME
                                                                                                            12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages write your name and case number (if known). Answer every question.

### Part 1:　　Describe Employment:

1. Fill in your employment information:

| | | Debtor 1 | Debtor 2 or Non Filing Spouse |
|---|---|---|---|
| If you have more than one job, attach a separate page with information about additional employers. | **Employment Status** | [X] Employed<br>[ ] Not Employed | [ ] Employed<br>[ ] Not employed |
| Include part time, seasonal, or self employed work | **Occupation:** | <u>Corporate Contract Coordinator</u> | |
| Occupation may include student or homemaker, if it applies. | **Employers Name:** | <u>William Beaumont Hospital</u> | |
| | **Employers Address:** | <u>3601 West 13 Mile Road</u><br><u>Royal Oak, MI 48073-769</u> | |
| | **How Long Employed There?** | <u>4 years</u> | |

### Part 2:　　Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-Filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or Non Filing Spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. *(Includes additional part-time job also with Beaumont Hospital)* | 2. | $4,675.49 | |
| 3. | Estimate and list monthly overtime pay. | 3. + | $0.00 | |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $4,675.49 | |

15-45560-wsd　　Doc 1　　Filed 04/08/15　　Entered 04/08/15 16:26:01　　Page 21 of 52

| Debtor 1 | **Marian T. McAddley** | Case No. (if known) | |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |
| Debtor 2 | | | |
| | First Name    Middle Name    Last Name | | |

| | | For Debtor 1 | For Debtor 2 or Non Filing Spouse |
|---|---|---|---|
| | Copy line 4 here................................................................▣ 4. | $4,675.49 | |

**5.**   **List All Payroll Deductions:**

| | | | |
|---|---|---|---|
| 5a. | Tax, Medicare and Social Security Deductions | 5a. | $724.28 |
| 5b. | Mandatory contributions for Retirement Plans | 5b. | $0.00 |
| 5c. | Voluntary contributions for Retirement Plans | 5c. | $93.51 |
| 5d. | Required Repayment of Retirement Fund Loans | 5d. | $0.00 |
| 5e. | Insurance | 5e | $232.33 |
| 5f. | Domestic Support Obligations | 5f. | $0.00 |
| 5g. | Union Dues | 5g. | $0.00 |
| 5h. | Other: Specify _____ | 5h. | $0.00 |

**6.**   Add the payroll deductions.  Add lines 5a + 5b + 5c + 5d + 5e + 5f + 5g + 5h.   **6.**   $1,050.12

**7.**   Calculate Total Monthly Take Home Pay.  (Subtract Line 6 from Line 4).   **7.**   $3,625.37

**8.**   List all other income regularly received:

| | | | |
|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession or farm.** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $0.00 |
| 8b. | **Interest and Dividends** | 8b. | $0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive.** Include alimony, spousal support, child support, maintenance, divorce settlement and property settlement. | 8c. | $0.00 |
| 8d. | **Unemployment Compensation.** | 8d. | $0.00 |
| 8e. | **Social Security** | 8e. | $0.00 |
| 8f. | **Other government assistance that you regularly receive.** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $0.00 |
| 8g. | **Pension or retirement income.** | 8g. | $0.00 |
| 8h. | **Other Monthly Income: Specify:** _____ | 8h. | $0.00 |

**9.**   Add all other income.  Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h.   **9.**   $0.00

**10.**   Calculate monthly income.  Add line 7 + Line 9.   **10.**   $3,625.37   = $3,625.37
Add the entries in Line 10 for Debtor 1 and Debtor 2 or non filing spouse.

**11.**   State all other regular contributions to the expenses that you list in Schedule J
Include contributions from an unmarried partner, member of your household, your dependents, your roommates, and other friends and relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.
**Specify:** _____   **11.**   +$0.00

**12.**   Add the amount in the last column of Line 10 to the amount in Line 11.  The result is the combined monthly income.  Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data*, if it applies.   **12.**   $3,625.37
Combined Monthly Income

**13.**   Do you expect and increase or decrease within the year after you file this form:

[X]   **No.**
[ ]   **Yes.  Explain:** _____

**Fill in this information to identify your case:**

Debtor 1: <u>Marian T. McAddley</u>
        First Name     Middle Name     Last Name

Debtor 2: _____
        First Name     Middle Name     Last Name

**United States Bankruptcy Court for the <u>Eastern</u> District of <u>Michigan</u>**

Case number: _____
(if known)

Check if this is:

[ ] An Amended Filing
[ ] A supplemental showing post petition Chapter 13 expenses as of the following date:
    _____
[ ] A separate filing for Debtor 2 because Debtor 2 Maintains a separate household:

## Official Form B 6J

## SCHEDULE J - YOUR EXPENSES                        12/13

Be as complete and accurate as possible.  If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information If more space is needed, attach a separate sheet to this form.  On the top of any additional pages write your name and case number (if known).  Answer every question.

### Part 1:    Describe Your Household

1. **Is This a joint case?**

    [X]   **No**   Go to line 2.
    [ ]   **Yes**   **Does Debtor 2 live in a separate household?**

        [ ]   No.
        [ ]   Yes.  Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**     [X]   **No**

    Do not list Debtor 1 and Debtor 2.
    Do not state the Dependents' names.

    [ ]   **Yes**. Fill out this information for each Dependent.....

| Dependents relationship Debtor 1 or Debtor 2 | Dependents Age | Does Dependent Live with You? |
|---|---|---|
| _____ | _____ | [ ] No  [ ] Yes |
| _____ | | [ ] No  [ ] Yes |
| _____ | | [ ] No  [ ] Yes |
| | | [ ] No  [ ] Yes |
| | | [ ] No  [ ] Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   [X]   **No**   [ ]   **Yes**

### Part 2:    Estimate Your Ongoing Monthly Expenses:

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed.  If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with no-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I).         **Your Expenses**

| | | | |
|---|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.**  Include first mortgage payments and any rent for the ground or lot. | 4. | <u>$815.00</u> |

    If not included in line 4:

| | | | |
|---|---|---|---|
| 4a. | Real estate taxes | 4a. | <u>$0.00</u> |
| 4b. | Property, homeowners, or renters insurance | 4b. | <u>$26.00</u> |
| 4c. | Home maintenance, repair and upkeep expenses | 4c. | <u>$0.00</u> |
| 4d. | Homeowners association or condominium dues | 4d. | <u>$0.00</u> |

| Debtor 1 | **Marian T. McAddley** | | | **Case No.** (if known) | | |
|---|---|---|---|---|---|---|

**Your Expenses**

| | | | |
|---|---|---|---|
| 5. | Additional mortgage payments for your residence such as home equity loans: | 5. | **$0.00** |
| 6. | Utilities: | | |
| | 6a.   Electricity, heat, natural gas | 6a. | **$155.00** |
| | 6b.   Water, sewer, garbage collection | 6b. | **$0.00** |
| | 6c.   Telephone, cell phone, internet, satellite and cable services | 6c. | **$167.00** |
| | 6d.   Other: Specify: _____ | 6d | **$0.00** |
| 7. | Food and housekeeping supplies | 7. | **$380.00** |
| 8. | Childcare and children(s) education costs | 8. | **$0.00** |
| 9. | Clothing, laundry and dry cleaning | 9. | **$80.00** |
| 10. | Personal care products and services | 10. | **$85.00** |
| 11. | Medical and Dental Expenses | 11. | **$60.00** |
| 12. | Transportation. Include gas, maintenance, bus or train fare. .Do not include car payments. | 12. | **$210.00** |
| 13. | Entertainment, clubs, recreation, newspapers, magazines and books | 13. | **$90.00** |
| 14. | Charitable contributions and religious donations | 14. | **$0.00** |
| 15. | Insurance: | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.   Life Insurance | 15a. | **$0.00** |
| | 15b.   Health Insurance | 15b. | **$0.00** |
| | 15c.   Vehicle Insurance | 15c. | **$199.00** |
| | 15d.   Other Insurance: Specify: | 15d | **$0.00** |
| 16. | Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. | 16. | **$0.00** |
| | Specify: _____ | | |
| 17. | Installment or lease payments: | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | **$0.00** |
| | 17b.   Car payments for Vehicle 2 | 17b. | **$0.00** |
| | 17c.   Other: Specify   **Storage of Furniture** | 17c. | **$142.00** |
| | 17d.   Other: Specify: _____ | 17d. | **$0.00** |
| 18. | Your payments of alimony, maintenance and support that you did not report as deducted from your pay on Line 5, *Schedule I, Your Income* (Official Form B 6I) | 18. | **$0.00** |
| 19. | Other payments you make to support others who do not live with you. | 19. | **$0.00** |
| | Specify: _____ | | |
| 20. | Other real property expenses not included in lines 4 or 5 of this form or on your *Schedule I, Your Income* | | |
| | 20a.   Mortgages on other property | 20a. | **$0.00** |
| | 20b.   Real Estate Taxes | 20b. | **$0.00** |
| | 20c.   Property, homeowners or renters insurance | 20c. | **$0.00** |
| | 20d.   Maintenance, repairs and upkeep expenses | 20d. | **$0.00** |
| | 20e.   Homeowners association or condominium dues | 20e. | **$0.00** |

**Debtor 1**  **Marian T. McAddley**
First Name    Middle Name    Last Name

**Case No.** (if known)

**Debtor 2**
First Name    Middle Name    Last Name

| | | | | |
|---|---|---|---|---|
| 21. | Other. | Specify: | **Miscellaneous Expenses $75.00; Average monthly expenses for Tuition and books for Registered Nurse Degree $749.00** | 21. | **$824.00** |

**22.** **Your Monthly Expenses:** Add lines 4 through 21.   22.   **$3,233.00**
The result is your monthly expenses

**23.** **Calculate Your Monthly Net Income:**

23a.   Copy line 12 (your combined monthly income) from Schedule I   23a.   **$3,625.37**

23b.   Copy your monthly expenses from line 22 above   23b.   **$3,233.00**

23c.   Subtract your monthly expenses from your monthly income.   23c   **$392.37**
The result is your monthly net income.

**24.** **Do you expect and increase or decrease within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

[X]   No.
[ ]   Yes.

**Explain Here:**

**Debtor:** <u>**Marian T. McAddley**</u>                                    Case No:

# DECLARATION CONCERNING DEBTOR(S) SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR(S)

I declare under penalty of perjury that I have read the foregoing summary  and schedules, consisting of <u>**19**</u>  sheets and that they are true to the best of my knowledge, information and belief.


Dated:  April 2, 2015_____   ***/S/  Marian T. McAddley***_____
_____Signature - Marian T. McAddley    - Debtor




Dated:     _____
_____Signature -          - Co-Debtor



*Penalty for making a false statement or concealing property:  Fine of up to $500,000.00*
*or imprisonment for up to five (5) years, or both.  18 U.S.C. §§  152 & 3571.*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: <u>Marian T. McAddley</u>                                         Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every Debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under Chapter 12 or 13, a married Debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual Debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individuals personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. §112; Fed. R. Bankr. P. 1007(m).

Questions 1 -18 are to be completed by all Debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None", mark the box labeled "None".** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number, if know, and the number of the question.

*DEFINITIONS*

*"In Business"*. A Debtor is "in business" for the purpose of this form if the Debtor is a corporation or partnership. An individual Debtor is "in business" for the purpose of this form if the Debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive or owner of five percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self employed full-time or part-time. An individual Debtor may also be "in business" for the purpose of this form if the Debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the Debtor's primary employment.

*"Insider"*. The term "insider" includes but is not limited to: relatives of the Debtor; general partners of the Debtor and their relatives; corporations of which the Debtor is an officer, director or person in control; officers, directors and any persons in control of a corporate Debtor and their relatives; affiliates of the Debtor and insiders of such affiliates; any managing agent of the Debtor. 11 U.S.C. §101(2), (31).

---

**1. Income from employment or operation of business.**

None
[ ]

State the gross amount of income the Debtor has received from employment, trade or profession, or from operation of the Debtor(s) business, including part time activities either as an employee or in independent trade or business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A Debtor that maintains, or has maintained, financial records on the basis of a fiscal year rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the Debtor(s) fiscal year). If a joint petition is filed, state income for each spouse separately. (Married Debtors filing under Chapter 12 or Chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| AMOUNT | | SOURCE |
|---|---|---|
| 2015 | $14,180.00 | Employment |
| 2014 | $59,439.00 | Employment |
| 2013 | $41,424.00 | Employment |

## 2. Income other than from employment or operation of business.

None
[X]

State the amount of income received by the Debtor other than from employment, trade, profession, or operation of the Debtor(s) business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income from each spouse separately. (Married Debtors filing under Chapter 12 or Chapter 13 must state income for each spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

AMOUNT                                                          SOURCE

---

## 3. Payments to creditors.

*Complete a. or b., as appropriate, and c.*

None
[ ]

(a) *Individual or Joint Debtor(s) with Primarily Consumer Debts*: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married Debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed)

| Names and Address of Creditor | Dates of Payments | Amount Paid | Amount Still Owing |
|---|---|---|---|
| Credit Acceptance Corp.<br>Attn: Bankruptcy Dept.<br>25505 W. 12 Mile Rd., Ste. #3000<br>Southfield, MI 48034 | 3 Monthly payments | $765.00 | $5,742.00 |
| Asset Acceptance<br>C/O: Elizabeth Pettway, Esq.<br>28405 Van Dyke Ave.<br>Warren, MI 48093 | Bi-Weekly payments of $365.00 over the past 90 days | $4,745.00 | $14,095.00 |

None
[X]

(b) *Debtor(s) whose Debts are not Primarily Consumer Debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than **$6,225\***. If the Debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a Plan by an approved nonprofit budgeting and credit counseling agency. (Married Debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed)

| Names and Address of Creditor | Dates of Payments/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|

---

None
[X]

(c) *All Debtor(s):* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married Debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed)

| Names and Address of Creditor and Relationship to Debtor | Date of Payment | Amount Paid | Amount Still Owing |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments.**

None
[X]

(a) List all suits and administrative proceedings to which the Debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married Debtors filing under Chapter 12 or Chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition. |
|---|---|---|---|
| Asset Acceptance vs Marian McAddley Case No. 11-1032TGC | Collection | 41B District Court Clinton Twp., MI | Judgment |
| Capital One Bank vs Marian Wade Case No.10-08528-TGC | Collection | 41B District Court Clinton Twp., MI | Judgment |
| Hilco Receivables vs Marian Hicks Case No. 09-0148TGC | Collection | 41B District Court Clinton Twp., MI | Judgment |
| McLaren Macomb vs Marian McAddley Case No. 14-06446TGC | Collection | 41B District Court Clinton Twp., MI | Pending |

None
[ ]

(b) Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Names and Address of Person for Whose Benefit Property Was Seized | Date of Seizure | Description and Value of Property |
|---|---|---|
| Asset Acceptance C/O: Elizabeth Pettway, Esq. 28405 Van Dyke Ave. Warren, MI 48093 | June 2014 | 2012 & 2013 State Refunds $592.00 |

---

**5. Repossession, foreclosures and returns.**

None
**[X]**
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to seller within **one year** immediately preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Creditor or Seller | Date of Repossession, Foreclosure Sale, Transfer or Return | Description and Value of Property |
|---|---|---|

---

**6. Assignments and Receiverships.**

None
**[X]**
(a) Describe any assignment of property for the benefit of creditors made with **120 days** immediately preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include any assignments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Assignee | Date of Assignment | Terms of Assignment or Settlement. |
|---|---|---|

None
**[X]**
(b) List all property which has been in the hands of a custodian, receiver, or court appointed official within **one year** immediately preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Custodian | Names and Location of Court Case Number and Title | Date of Order | Description and Value of Property |
|---|---|---|---|

---

**7. Gifts.**

None
**[X]**
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married Debtors filing under Chapter 12 or Chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Person or Organization | Relationship to Debtor, If Any | Date of Gift | Description and Value of Gift |
|---|---|---|---|

---

**8. Losses.**

None
**[X]**
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married Debtors filing under Chapter 12 or Chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Description and Value of Property | Description of Circumstances and, if Loss Was Covered in Whole Or in Part by Insurance, Give Particulars. | Date of Loss |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
**[ ]**
List all payments made or property transferred by or on behalf of the Debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payer if Other Than Debtor. | Amount of Money Or Description and Value of Property |
|---|---|---|
| Mark W. Chessman 25225 Gratiot Avenue Roseville, MI 48066 | January 12, 2015 | $500.00 |
| Green Path Debt Solutions 27085 Gratiot Avenue, Ste. #103 Roseville, MI 48066 | February 2, 2015 | $25.00 |

**10. Other Transfers.**

None
**[X]**
(a) List all other property, other than property transferred in the ordinary course of the business or financial affairs of the Debtor(s), transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Transferee Relationship to Debtor | Date | Describe Property Transferred And Value Received. |
|---|---|---|

None
**[X]**
(b) List all property transferred by the Debtor(s) within **ten (10) years**, immediately preceding the commencement of this case to a self-settled trust or similar device of which the Debtor(s) is a beneficiary.

| Name of Trust Or Other Device | Date(s) of Transfer(s) | Amount of Money or Description and Value Of Property or Debtor(s) Interest in Property |
|---|---|---|

**11. Closed Financial Accounts.**

None
[X]

List all financial accounts and instruments held in the name of the Debtor(s) for the benefit of the Debtor(s) which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married Debtors filing under Chapter 12 or Chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Institution | Type of Account, Last Four Digits of Account Number, and Amount of Final Balance | Amount and Date of Sale or Closing |
|---|---|---|

**12. Safe Deposit Boxes.**

None
[X]

List each safe deposit or other box or depository in which the Debtor(s) had or had securities, cash or other valuables within **one year** immediately preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Bank or Other Depository | Name and Address of Those With Access to Box or Depository | Description of Contents | Date of Transfer or Surrender, If Any. |
|---|---|---|---|

**13. Set-offs.**

None
[X]

List all set-offs made by any creditor, including a bank, against a debt or deposit of the Debtor(s) within **90 days** preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Creditor | Date of Set-Off | Amount of Set-Off |
|---|---|---|

**14. Property held for another person.**

None
[X]

List all property owned by another person that the Debtor holds or controls.

| Name and Address of Owner | Description and Value of Property | Location of Property |
|---|---|---|
| 38080 Johannes Drive Clinton Twp., MI 48038 | Marian McAddley | August 2007 - August 2014 |

**15.  Prior address of Debtor.**

None
**[X]**
If the Debtor(s) has moved within the **three (3)  years** immediately preceding the commencement of this case, list all premises which  the  Debtor(s)  occupied  during that period  and  vacated  prior to the commencement  of this case. If a  joint petition is filed, report also any separate address of either spouse.

Address                         Name Used                      Dates of Occupancy

_____

**16.  Spouses and Former Spouses**

None
**[X]**
If  the Debtor(s) resides or  resided in a community  property state,  commonwealth,  or  territory   (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, W ashington or W isconsin) within **eight years**  immediately preceding the commencement of this case, identify the name of the Debtor(s) spouse and of any former spouse who resides or resided with the Debtor in the community property state.

Name

_____

**17.  Environmental Information:**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other mediums, including but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or materials.

"Site" means any location, facility or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the Debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
**[X]**
a. List the name and address of every site for which the Debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

Site Name            Name and Address of          Date of Notice          Environmental Law
and Address          Governmental Unit

None
**[X]**
b. List the name and address of every site for which the Debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

Site Name            Name and Address of          Date of Notice          Environmental Law
and Address          Governmental Unit

None
**[X]**   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the Debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding and the docket number.

| Name and Address of<br>Of Governmental Unit | Docket Number | Status or Disposition |
|---|---|---|

---

### 18.   Nature, location and name of business:

None
**[X]**   a.   *If the Debtor is  an individual*,  list the names, addresses taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the Debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor, or was  self employed in a trade, profession or other activity, either full or part time,  within  **six years** immediately preceding the commencement of this case,  or in which the Debtor owned five per-cent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the Debtor is a partnership*, list the names, addresses.  taxpayer identification numbers, nature of the businesses, and  beginning and ending dates of all businesses in which the Debtor was a partner or owned five per-cent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the Debtor is a corporation*  list the names, addresses,  taxpayer identification numbers, nature of the businesses, and  beginning and ending dates of all businesses in which the Debtor was a partner or owned five per-cent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

| Name | Last Four Digits of Social<br>Security Or Other Individual<br>Taxpayer ID No. (ITIN)/<br>Complete EIN | Address | Nature of<br>Business | Beginning and<br>Ending Dates |
|---|---|---|---|---|

None
**[X]**   b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| Name | Address |
|---|---|

---

The following questions are to be completed by every Debtor that is a corporation or partnership and by any individual Debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than five percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession or other activity either full or part time.

*(An individual or joint Debtor should complete this portion of the statement **only** if the Debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A Debtor who has not been in business within those six years should go directly to the signature page).*

### 19.  Books, records and financial statements:

None
**[X]**
a. List all bookkeepers and accountants who,  within **two years** immediately preceding  the filing of  this bankruptcy case, kept or supervised the keeping of the books of account and records of the Debtor.

Name and Address                                                            Dates Services Rendered

None
**[X]**
b. List  all firms or individuals who, within  **two years** immediately preceding  the filing of  this bankruptcy case, have audited the books of account and records, or prepared a financial statement of the Debtor.

Name                                        Address                                        Dates Services Rendered

None
**[X]**
c. List all  firms or individuals who, at the time of the commencement of this case, were in possession  of the books of account  and records of the Debtor.  If any of the books of account and records are not available, explain.

Name                                                                            Address

None
**[X]**
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the Debtor within **two years** immediately preceding the commencement of this case.

Name and Address                                                            Date Issued

**20. Inventories:**

None
[X]
a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| Date of Inventory | Inventory Supervisor | Dollar Amount of  Inventory (Specify Cost, market or other basis) |
|---|---|---|

None
[X]
b. List the name and address of the person having possession of the records  of each of the inventories reported in a., above.

| Date of Inventory | Name and Addresses of Custodian of Inventory Records |
|---|---|

**21.  Current Partners, Officers, Directors and Shareholders.**

None
[X]
a.  If  the  Debtor  is a partnership,  list the nature and  percentage of partnership   interest of each  member of  the partnership.

| Name and Address | Nature of Interest | Percentage of Interest |
|---|---|---|

None
[X]
b.  If the Debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds five per-cent or more of the voting or equity securities of the corporation.

| Name and Address | Title | Nature and Percentage of Stock Ownership |
|---|---|---|

**22.  Former Partners, Officers, Directors and Shareholders.**

None
[X]
a.   If the Debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| Name | Address | Date of Withdrawal |
|---|---|---|

None
[X]
b. If the Debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| Name and Address | Title | Date of Termination |
|---|---|---|

**23. Withdrawals from a partnership or distributions by a corporation.**

None
[X]

If the Debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| Name and Address of Recipient, Relationship to Debtor | Date and Purpose of Withdrawal | Amount of Money or Description and Value of Property. |
| --- | --- | --- |

_____

**24. Tax Consolidation Group.**

None
[X]

If the Debtor is a corporation, list the names and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the Debtor has been a member at any time within **six (6) years** immediately preceding the commencement of this case.

| Name of Parent Corporation | Taxpayer Identification Number (EIN) |
| --- | --- |

_____

**25. Pension Funds.**

None
[X]

If the Debtor is not an individual, list the names and federal taxpayer identification number of any pension fund to which the Debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of this case.

| Name of Pension Fund | Taxpayer Identification Number (EIN) |
| --- | --- |

****************

_____

**I declare under penalty of perjury that I (we) have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct.**

Dated: April 2, 2015

_/S/ Marian T. McAddley_ _____
Signature - Marian T. McAddley     - Debtor

Dated: _____
Signature -                    - Debtor

*Penalty for making a false statement:  Fine of up to $500,000.00
or imprisonment for up to five (5) years, or both.  18 U.S.C. §§ 152 & 3571*

B 8 (Official Form 8) (10/05)

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:   **Marian T. McAddley**                                    **Chapter 13 Case Number:**

# DEBTOR(S) STATEMENT OF INTENT

[X]  I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.
[X]  I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.
[X]  I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditors Name | Property Will Be Surrendered | Property is Claimed as Exempt | Property Will Be Redeemed Pursuant 11 U.S.C. § 722 | Debt will be Reaffirmed Pursuant to 11 U.S.C.§ 524(c) |
|---|---|---|---|---|---|
| 2006 Chevrolet Aveo | Credit Acceptance | | XX | | |

| Description of Leased Property | Lessor's Name | | Lease will be Assumed Pursuant to 11 U.S.C. §362(h)(1)(A) | | |
|---|---|---|---|---|---|
| Residential Apartment Lease | Garfield Commons | | XX | | |

Dated:  April 2, 2015

**/S/ Marian T. McAddley**
Marian T. McAddley  - Signature of  Debtor                                              -  Signature of  Debtor

--------------------------------------------------------------------------------------------------------------------------------------------
CERTIFICATION OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. §110)

I certify that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. §110; (2) I prepared this document for compensation, and that I have provided the Debtor with a copy of this document and the notices required under 11 U.S.C. §§110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the Debtor notice of the maximum amount before preparing any document for filing for a Debtor or accepting any fee from the Debtor, as required in that section.


_____                    _____
Printed or typed name of Bankruptcy Petition Preparer                    Social Security No. (Required under 11 U.S.C. §110

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address and social security number of the officer, principal, responsible person or partner who signs this document.


_____
Address

Names and Social Security Numbers of all other individuals who assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document attach such additional signed sheets conforming to the appropriate official form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C.  §110;  18 U.S.C. §156.

# UNITED STATES BANKRUPTCY COURT

# NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
# OF THE BANKRUPTCY CODE

In accordance with §342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the Bankruptcy Court are sent to the mailing address you list on your Bankruptcy Petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the Court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the Bankruptcy Petition, you and your spouse will generally receive a single copy of each notice mailed from the Bankruptcy Court in a jointly addressed envelope, unless you file a statement with the Court requesting that each spouse receive a separate copy of all notices.

## 1.  Services Available from Credit Counseling Agencies:

**With limited exceptions, §109(h) of the Bankruptcy Code requires that all individual Debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States Trustee or bankruptcy administrator. The Clerk of the Bankruptcy Court has a list that you may consult of the approved budget and credit counseling agencies. Each Debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge**. The clerk also has a list of approved financial management instructional courses. Each Debtor in a joint case must complete the course.

## 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors:

### Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total Fee $335.)

Chapter 7 is designed for Debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under Chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States Trustee (or bankruptcy administrator), the Trustee, or creditors have the right to file a motion requesting that the Court dismiss your case under §707(b) of the Code. It is up to the Court to decide whether the case should be dismissed.

Under Chapter 7 you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a Chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the Court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay non dischargeable taxes; domestic support and

(Page 1 of 2)

property settlement obligations; most fines, penalties, forfeitures and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol and drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, theft, or from a willful and malicious injury, the Bankruptcy Court may determine that the debt is not discharged.

### Chapter 13:   Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for Chapter 13 if your debts do not exceed certain dollars amounts as set forth in the Bankruptcy Code.

Under Chapter 13 you must file with the Court a Plan to repay your creditors all or part of the money that you owe them using your future earnings. The period allowed by the Court to repay your debts may be three (3) years or five (5)  years depending upon your income and other factors. The Court must approve your Plan before it can take effect.

After completing the payments under your Plan, your debts are generally discharged, except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury;  and certain long term secured obligations.

### Chapter 11: Reorganization ($1167 filing fee, $550 administrative fee: Total fee $1717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer Debtors. Its provisions are quite complicated and any decision by an individual to file a Chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total Fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to Chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a Debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING**: Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the Court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules and the local rules of the Court. The documents and deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy-forms.html#procedure.

### CERTIFICATE OF THE DEBTOR(S)

I (We), the Debtor(s), affirm that I (we) have received and read this notice.

**Marian T. McAddley**                     */S/  Marian T. McAddley*_____ Date: April 2, 2015
Printed name of Debtor(s)                  Signature of Debtor


Case No. (if known) _____          _____ Date:
                                           Signature of Joint Debtor (if any)

B 203 (12/94)

**Mark W. Chessman  (P29174)**
**Attorney for Debtor(s)**
**Law Offices of Mark W. Chessman P.C.**
**25225 Gratiot Avenue**
**Roseville,  MI  48066**
**(586)-498-9400**

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

In Re:          **Marian T. McAddley, fka Marian Wade and**          **Chapter 13 Proceeding**
                **fka Marian Hicks**                                 **Case Number**
                **17467 Kingsbrooke Cir., Apt. #103**
                **Clinton Township, MI 48038-3770**
_____/

## STATEMENT OF ATTORNEY FOR DEBTOR(S)
## PURSUANT TO F.R. BANKR.P. 2016(b)

The undersigned, pursuant to F.R. Bankr.P. 2016(b), Bankruptcy Rule, states that:

(1)  The undersigned is the attorney for the Debtor(s) in this case.

(2)  The compensation paid or agreed to be paid by the Debtor(s) to the undersigned is:

**[X]  FLAT FEE**:
(A)      For legal services rendered in contemplation of and in connection
         with this case, exclusive of the filing fee paid                    **$3,000.00**
(B)      Prior to filing this statement, received                            **$500.00**
(C)      The unpaid balance due and payable                                  **$2,500.00**

**[ ]  RETAINER**:
(A)      Amount of Retainer received
(B)      The undersigned shall bill against the retainer at an hourly rate of  **$_____**
         (or attach firm hourly rate schedule).  Debtor(s) have agreed to pay all Court
         approved fees and expenses exceeding the amount of the retainer.

(3)  **$310.00** of the filing fee in this case has been paid.

(4)  In return for the above disclosed fee, I have agreed to render legal services for all aspects of the Bankruptcy case,
     including

     (A)  Analysis of the financial situation and rendering advice to the Debtor(s) in determining whether to file
          a petition in Bankruptcy.
     (B)  Preparation and filing of any Petition, Schedules, Statement of Affairs and Plan which may be required.
     (C)  Representation of the Debtor(s) at the meeting of creditors and confirmation hearing, and any adjourned
          hearings thereof;
     (D)  Reaffirmations
     (E)  Redemptions
     (F)  Other:  <u>None.</u>

(1)

(5) By agreement with the Debtor(s) the above disclosed fee does not include the following services:

   (A) Representation of the Debtor(s) in Adversary Proceedings and other contested bankruptcy matters.
   (B) Post Confirmation Attorney Services Rendered
   (C) Costs advanced.

(6) The source of payments to the undersigned was from

   **[X]** (A) Debtor's earnings, wages and compensation for services performed.
        (B) Other (describe, include identity of payor) _____
   _____

(7) The undersigned have not shared or agreed to share, with any person, other than with members of their law firm or corporation, any compensation paid or to be paid except as follows: Office sharing arrangement with Sheldon B. Greenblatt in exchange for Bankruptcy Court appearances.


Dated: **April 2, 2015**                                   **/S/ Mark W. Chessman**
_____
                                                  Mark W. Chessman (P29174)
                                                  Attorney for Debtor(s)
                                                  Law Offices of Mark W. Chessman P.C.
                                                  25225 Gratiot Avenue
                                                  Roseville, MI 48066
                                                  (586)-498-9400
                                                  diana@chessmanlaw.com


Agreed:    **/S/ Marian T. McAddley**_____        _____
              Marian T. McAddley -  Debtor                                                      - Debtor

(2)

IN RE:  Marian T. McAddley, fka Marian Wade
and fka Marian Hicks
**17467 Kingsbrooke Cir., Apt. #103**
**Clinton Township, MI 48038-3770**
**9284**

**Debtor(s)**

_____/

**CASE NO.**
**CHAPTER 13**
**JUDGE**

---

**PLAN SUMMARY**
*For informational purposes only.*
| | | |
|---|---|---|
| ACP: | **60** | Months |
| Minimum Plan Length: | **60** | Months |
| Plan payment: | **$392.37** | per Month |
| Minimum dividend to Class 9 Creditors | | **$45,192.20** |
| Percentage of Tax Refunds committed | | **100.00%** |

---

### CHAPTER 13 PLAN

**[X]  Original _OR_  [   ]  Pre-Confirmation Modification # _____   [   ]  Post-Confirmation Modification #_____**

---

**NOTICE TO CREDITORS:**
**YOUR RIGHTS MAY BE AFFECTED.  THIS PLAN MAY BE CONFIRMED AND BECOME BINDING**
**WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED.**
**READ THIS DOCUMENT CAREFULLY AND SEEK THE ADVICE OF AN ATTORNEY.**

---

**I.   STANDARD MODEL PLAN; INCORPORATION OF ADDITIONAL TERMS, CONDITIONS AND PROVISIONS;  ALTERATIONS NOTED:**

    **A.**   **THIS PLAN IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS WHICH MAY BE FOUND AT WWW.13EDM.COM or WWW.MIEB.USCOURTS.GOV**

        **INTERESTED PARTIES MAY ALSO OBTAIN A WRITTEN COPY OF THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS APPLICABLE TO CHAPTER 13 PLANS FROM DEBTOR(S) COUNSEL UPON WRITTEN REQUEST.**

    **B.**   **This Plan conforms in all respects to the Standing Chapter 13 Trustees Model Plan which is referenced in Administrative Order 12-05 issued by the U.S. Bankruptcy Court for the Eastern District of Michigan.  Those sections of this Plan that vary from the Model Plan are listed in this paragraph (any alterations not stated in this section are void):**
        _____
        _____

**II.   APPLICABLE COMMITMENT PERIOD; PLAN PAYMENTS; PLAN LENGTH; EFFECTIVE DATE AND ELIGIBILITY FOR DISCHARGE:**

    **A.**  **[X] Debtor(s) Current Monthly Income exceeds the applicable State median income. Debtor(s) Applicable Commitment Period is 60 months.  Debtor(s) Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.**

    **[  ]  Debtor(s) Current Monthly Income is less than or equal to the applicable State median income. Debtor(s) Applicable Commitment Period is 36 months.  Debtor(s) Plan Length shall be _60_ months from the date of entry of the Order Confirming Plan. This is a minimum Plan length.  If the Plan has not been completed in the minimum Plan length, the Plan length shall be extended as necessary for completion of the requirements of the Plan; provided that in no event will the Plan term continue beyond 60 months from the date of entry of the Order Confirming Plan.  _See Paragraph J of the Additional Terms, Conditions and Provisions for additional information regarding Completion of Plan._**

    **[  ]  If neither or both of the above boxes is checked, then the Applicable Commitment Period and the Plan length shall be 60 months  from the date of entry of the Order Confirming Plan.**

**B.** Debtor(s) plan payment of _$392.37_ per month is _to be paid by payroll deduction at $181.09 bi-weekly, increasing to $526.79 bi-weekly effective June 1, 2016._

**C.** Future Tax Refunds. _See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns._

---

**FOR CASES ASSIGNED TO BAY CITY DIVISION:** _Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:_

1. [ ] Debtor(s) Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is _not required_ to remit any future tax refunds.

2. [ ] Debtor(s) Plan proposes less than a 100% dividend to unsecured creditors and Debtor(s) Schedule I _does not_ include a pro-ration for anticipated tax refunds. Debtor will remit 50% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.

3. [ ] Debtor(s) Plan proposes less than a 100% dividend to unsecured creditors and Debtor(s) Schedule I _includes_ a pro-ration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal and State Tax Refund pro-ration shown in Schedule I.

---

**FOR CASES ASSIGNED TO DETROIT DIVISION:** _Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:_

1. [ ] Debtor(s) Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is _not required_ to remit any future tax refunds.

2. [ ] Debtor(s) Plan proposes less than a 100% dividend to unsecured creditors and Debtor(s) Schedule I _does not_ include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.

3. [X] Debtor(s) Plan proposes less than a 100% dividend to unsecured creditors and Debtor(s) Schedule I _includes_ a pro-ration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal Tax Refund pro-ration shown in Schedule I.

---

**FOR CASES ASSIGNED TO FLINT DIVISION:** _Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:_

1. [ ] Debtor(s) Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is _not required_ to remit any future tax refunds.

2. [ ] Debtor(s) Plan proposes less than a 100% dividend to unsecured creditors and Debtor(s) Schedule I _does not_ include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.

3. [ ] Debtor(s) Plan proposes less than a 100% dividend to unsecured creditors and Debtor(s) Schedule I _includes_ a pro-ration for anticipated Federal Tax Refunds. Debtor is not required to remit Federal Tax Refunds in excess of the amount of the proration shown on Schedule I.

---

**D.** [ ] If the box to the immediate left is "checked", the Debtor acknowledges that Debtor is not eligible for a discharge pursuant to 11 U.S.C. §1328.

[ ] If the box to the immediate left is "checked", the joint Debtor acknowledges that joint Debtor is not eligible for a discharge pursuant to 11 U.S.C. §1328.

**E.** [ ] If the box to the immediate left is "checked", the Debtor or joint Debtor is self-employed AND incurs trade credit in the production of income from such employment. Debtor shall comply with the requirements of Title 11, United States Code, and all applicable Local Bankruptcy Rules regarding operation of the business and duties imposed upon the Debtor.

III.   **DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

**A. CLASS ONE – TRUSTEE FEES** as determined by statute.

**B. CLASS TWO – ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEYS FEES AND COSTS:**

1. **PRE-CONFIRMATION ATTORNEY FEES:  At confirmation of the Plan, Counsel shall elect to either:**

   a. **In lieu of filing a separate fee application pursuant to 11 U.S.C. §327 and §330, accept the sum of** *$3,000.00*   **For services rendered plus** *$0.00*  **for costs advanced by Counsel, for total Attorney Fees and Costs of** *$3,000.00*  **through the Effective Date of the Plan.  The total Attorney Fees and Costs, less the sum of  paid to Counsel prior to the commencement of this case as reflected in the Rule 2016(b) Statement,  leaving a net balance due of** *$2,500.00*, **will be paid as an Administrative Expense Claim;**

   **or**

   b. **Request an award of compensation for services rendered and recovery of costs advanced by filing a separate Application for Compensation for services rendered up through the date of entry of the Order Confirming Plan pursuant to 11 U.S.C. §327 and §330.  If Counsel elects to file a fee application pursuant to this sub-paragraph, the Trustee shall escrow** *$_____* **for this purpose.  *See Paragraph B of the Additional Terms, Conditions and Provisions for additional information.***

2. **POST-CONFIRMATION ATTORNEY FEES:** *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

3. **RETENTION OF OTHER PROFESSIONALS FOR POST-PETITION SERVICES:** Debtor(s) [ ] has retained   or   [ ] intends to retain the services of _____ (name of person to be retained)  as _____ (capacity or purpose for retention) to perform professional services post-petition with fees and expenses of the professional to be paid as an Administrative Expense. *See Paragraph C of the Additional Terms, Conditions and Provisions for additional information.*

4. **OTHER ADMINISTRATIVE EXPENSE CLAIMS:  Any administrative expense claims approved by Order of Court pursuant to 11 U.S.C. §503 shall be paid as a Class Two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.***

(C) **CLASS THREE – SECURED CLAIMS TO BE STRIPPED FROM THE COLLATERAL AND TREATED AS UNSECURED CLAIMS TO BE PAID BY TRUSTEE.  If the Debtor and the Lienholder agree to the lien strip, the Debtor and Lienholder shall file a Stipulation in the Bankruptcy case and submit a proposed Order accomplishing the lien strip.  If the Debtor does not have the agreement of the Lienholder, then Debtor shall timely file an Adversary Proceeding as required by the Administrative Orders, Guidelines and Procedures promulgated by the Bankruptcy Court for the Eastern District of Michigan. *See Paragraph G and Paragraph N of the Additional Terms, Conditions and Provisions for additional information.***

| Creditor | Collateral |
|---|---|
| None. | |
| | |
| | |

**D. CLASS FOUR – SECURED CLAIMS ON WHICH THE LAST CONTRACTUAL PAYMENT IS DUE BEYOND THE LENGTH OF THE PLAN. 11 U.S.C. §1322(b)(5).**

    **1. Continuing Payments that come due on and after the date of the Order for Relief (See (*Paragraph P, Paragraph L and Paragraph EE of the Additional Terms, Conditions and Provisions for additional information)*:**

| Creditor | Collateral | Monthly Payment | Direct, Via Trustee or Surrendered |
|---|---|---|---|
| None. | | | |
| | | | |

    **2. Pre-Petition Arrearages to be paid by Trustee: Those amounts which were due as of the filing of the Order for Relief:**

| Creditor | Collateral | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|
| | | | | |
| | | | | |

**E. CLASS FIVE - SECURED CLAIMS ON WHICH THE LAST PAYMENT WILL BECOME DUE WITHIN THE PLAN DURATION. 11 U.S.C. §1322(c)(2). (*See Paragraph H, Paragraph L and Paragraph O of the Additional Terms, Conditions and Provisions for additional information):***

    **1. Creditors to be paid Equal Monthly Payments, 11 U.S.C. §1325(a)(5)(B)**

| Creditor/Collateral | Indicate if modified or surrendered | Market value of collateral | Interest rate (Present Value Rate) | Total to be paid Including Interest | Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| None. | | | | | | |
| | | | | | | |
| | | | | | | |

    **2. Creditors not to be paid Equal Monthly Payments, 11 U.S.C. §1325(a)(5)(A):**

| Creditor/Collateral | Indicate if modified or surrendered | Market value of collateral | Interest rate (Present Value Rate) | Total to be paid Including Interest | Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| Credit Acceptance/ 2006 Chevrolet Aveo | Modified | $7,000.00 | 8.00% | $6,233.00 | $260.00 | Trustee |
| | | | | | | |
| | | | | | | |

Chapter 13 Model Plan - Version 3.0

**F. CLASS SIX – EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES. 11 U.S.C. §§365, 1322(b)(7):**
Debtor assumes the executory contracts and unexpired leases listed in subparagraph 1. *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information):*

1. **Continuing Lease/Contract Payments:**

| Creditor | Property | Monthly Payment | Lease/Contract expiration date | Direct or Via Trustee |
|---|---|---|---|---|
| Garfield Commons | Apt. Located at: 17467 Kingsbrook Cir., Apt. #103, Clinton Township, MI 48038 | $815.00 | July 31, 2015 | Direct |
| | | | | |

2. Pre-petition Arrearages on Assumed Executory Contracts and Leases *(to be paid by Trustee)*:

| Creditor | Property | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|
| None. | | | | |
| | | | | |

3. Debtor rejects the executory contracts and unexpired leases listed in this subparagraph 3. Any unexpired lease or executory contract that is neither expressly assumed in Class 6.1 above or expressly rejected below shall be deemed rejected as of the date of confirmation of Debtor(s) Chapter 13 Plan to the same extent as if that unexpired lease or executory contract was listed below. *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information)*:

| Creditor | Property |
|---|---|
| None. | |

**G. CLASS SEVEN - PRIORITY UNSECURED CLAIMS. 11 U.S.C. §§507, 1322(a)(2).**

1. **Domestic Support Obligations: Continuing Payments that come due on and after the date of the Order For Relief:**

| Creditor | Monthly Payment | Direct or Via Trustee |
|---|---|---|
| None. | | |
| | | |

2. **Domestic Support Obligations: Pre-Petition Arrearages due as of the filing of the Order for Relief:**

| Creditor | Arrears Amount | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|
| None. | | | |
| | | | |
| | | | |

**All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]**

3.

| Creditor | Amount | Direct or via Trustee |
|---|---|---|
| | | |
| | | |

Chapter 13 Model Plan - Version 3.0

**H. CLASS EIGHT – SEPARATELY CLASSIFIED UNSECURED CLAIMS. 11 U.S.C. §1322(b)(1):** *(To be paid by Trustee)*: (*See Paragraph M of the Additional Terms, Conditions and Provisions for additional information*):

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| None. | | | |

**I. CLASS NINE - General Unsecured CLAIMS** *(to be paid by Trustee)*: – *See Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

[X] This Plan shall provide a total sum for distribution to creditors holding Class 9 General Unsecured claims in an amount that is not less than the Amount Available in Chapter 7 shown on Attachment 1, Liquidation Analysis and Statement of Value of Encumbered Property (the "Unsecured Base Amount"). This Plan shall provide either (i) the Unsecured Base Amount; or (ii) will continue for the full Plan Length as indicated in Paragraph II. A of this Plan, which ever yields the greater payment to Class 9 Unsecured Creditors. *See Attachment 2, Chapter 13 Model Worksheet, Line 8, for additional information concerning funds estimated to be available for payment to Class 9 Unsecured Creditors.*

[ ] This Plan shall provide a dividend to holders of Class 9 General Unsecured Claims equal to 100% of allowed claims.

If neither box is checked or if both boxes are checked, then the plan shall pay the Unsecured Base Amount.

**IV.     Other Provisions:**

A. [ ] If the box to the immediate left is "checked", creditors holding claims in Class Seven, Eight and Nine shall receive interest on their allowed claims at the rate of _____% per annum as required by 11 U.S.C. §1325(a)(4).

B. Insert as necessary.


**/S/ Mark W. Chessman**                          **/S/ Marian T. McAddley**
Mark W. Chessman (P29174)                    Marian T. McAddley
Attorney for Debtor(s)                            Debtor
25225 Gratiot Avenue
Roseville, MI 48066
diana@chessmanlaw.com                        **/S/**
(586)-498-9400                                        Joint Debtor


**Date: April 2, 2015**

**ATTACHMENT 1**

**N. LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]:**

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| PERSONAL RESIDENCE | | | | | |
| REAL ESTATE OTHER THAN PERSONAL RESIDENCE | | | | | |
| HHG/PERSONAL EFFECTS | $7,500.00 | $0.00 | $7,500.00 | $7,500.00 | $0.00 |
| JEWELRY | $400.00 | $0.00 | $400.00 | $400.00 | $0.00 |
| CASH/BANK ACCOUNTS | $920.00 | $0.00 | $920.00 | $920.00 | $0.00 |
| VEHICLES 2006 Chevrolet Aveo | $7,000.00 | $5,742.00 | $1,258.00 | $1,258.00 | $0.00 |
| OTHER 403(b) Pension | $1,000.00 | $0.00 | $1,000.00 | $1,000.00 | $0.00 |

Amount available upon liquidation............................................................................................  $0.00

Less administrative expenses and costs...................................................................................  $0.00

Less priority claims..................................................................................................................  $0.00

Amount Available in Chapter 7.................................................................................................  $0.00

**Chapter 13 Model Plan - Version 3.0**

(7)

15-45560-wsd    Doc 1    Filed 04/08/15    Entered 04/08/15 16:26:01    Page 49 of 52

1.  **Length of Plan is:** _____ **Weeks** __60___ **Months** _____ **Years**

2.  **Initial Plan Payment:**

    _____ **$392.37 Per Month X** __11___ **Months =** _____ **$4,316.07** _____ **(Sub Total)**

    **Step Payment #1:**

    **$1,141.37 Per Month X** __49___ **Months =** _____ **$55,927.13** _____ **(Sub Total)**

    **Step Payment #2:**

    **$_____ Per Month X _____ Months =** _____ **(Sub Total)**

3.  **Additional Payments: $_____ Per ____ =** _____ **(Sub Total)**

4.  **Lump Sum Payments:** _____ **(Sub Total)**

5.  **Total To Be Paid Into Plan (Total of lines 2 thru 4):** _____ **$60.243.20**

6.  **Estimated Disbursements Other Than to Class 9 General Unsecured Creditors:**

    a.   **Estimated Trustee's Fees** _____ **$4,518.00**

    b.   **Estimated Attorney's Fees and Costs** _____ **$2,500.00**
         **Through Confirmation of Plan.**

    c.   **Estimated Attorneys Fees and Costs** **$1,800.00**
         **Post Confirmation through Duration of Plan**

    d.   **Estimated Fees of Other Professionals** **$0.00**

    e.   **Total Mortgage and Other**
         **Continuing Secured Debt Payments** **$0.00** _____

    f.   **Total Non-Continuing Secured** **$6,233.00**
         **Debt Payments (including interest)**

    g.   **Total Priority Claims** **$0.00**

    h.   **Total Arrearage Claims** **$0.00**

7.  **Total Disbursements Other Than to Class Nine General Unsecured Creditors** _____ **$15,051.00**
    _____ **(Total of Lines 6. through 6.h)**

8.  **Funds Estimated To Be Available For Class Nine General Unsecured Creditors** _____ **$45,192.20**
    _____ **(Line 5 Minus Line 7)** _____

9.  **Estimated Dividend to Class Nine General Unsecured Creditors** **$0.00**
    **In Chapter 7 Proceeding (See Liquidation Analysis on Page 6)**

**COMMENTS:**

 *__*Payments will be made by payroll deduction at the rate of $181.09 bi-weekly, increasing to $526.79 effective__*
   *__June 1, 2016.__*

Asset Acceptance
C/O: Elizabeth Pettway, Esq.
28405 Van Dyke Ave.
Warren, MI 48093

Capital One Bank
C/O: Kyle J. Von Allmen, Esq.
P. O. Box 5016
Rochester Hills, MI 48308

Christian Financial Credit Union
18441 Utica Rd.
Roseville, MI 48066

Chrysler Financial
P.O. Box 9223
Farmington Hills, MI 48333-9223

Comcast / Heartland North
C/O: CCS
P.O. Box 9136
Needham Heights, MA 02494

Comenity /Capital One / HSN
Bankruptcy Dept.
P.O. Box 182125
Columbus, OH 43218-2125

Credit First National Assoc.
P. O. Box 81315
Cleveland, OH 44181-0315

Credit Acceptance Corp.
Attn: Bankruptcy Dept.
25505 W. 12 Mile Rd., Ste. #3000
Southfield, MI 48034

Garfield Commons
17673 Kingsbrooke Circle
Clinton Township, MI 48038

General Radiology Associates
C/O: CSI
P.O. Box 247
Hancock, MI 49930-0247

Hilco Receivables
C/O: David W.Towne, Esq.
4190 Telegraph Rd., Ste. 3000
Bloomfield Hills, MI 48302

J.C. Penney Co.
P.O. Box 965009
Orlando, FL 32895-5009

Kohls
P. O. Box 3043
Milwaukee, WI 53201-3043

McLaren Macomb
C/O: Matthew La Grasso, Esq.
8679 26 Mile Rd., Ste. #318
Washington, MI 48094

Medical Payment Data
C/O: CMRE
3075 East Imperial Highway, Suite 200
Brea, CA 92821

Sallie Mae Servicing Corp.
P. O. Box 9500
Wilkes Barre, PA 18773-9500

Sprint
C/O: Enhanced Recovery Corp.
8014 Bayberry Rd.
Jacksonville, FL 32256-7412

Sprint
C/O: Diversified Receivables Mgmt.
259 Jackson Plaza
Ann Arbor, MI 48103

Target (RNB)
P. O. Box 1581
Minneapolis, MN 55440

U.S. Attorney - Civil Division
U.S. Dept. of Education
211 W. Fort St. Ste. #2001
Detroit, MI 48226

U.S. Department of Education
Direct Loan Servicing Center
P.O. Box 5609
Greenville, TX 75403-5069

Wal-Mart
Attn: Bankruptcy Dept.
P. O. Box 965061
Orlando, FL 32896-5061